COLÓN v. THE REGISTRAR OF PROPERTY.

APPEAL from a decision of the Registrar of Property of Caguas.

No. 115.—Decided March 11, 1912.

AGENTS BY VERBAL APPOINTMENT—CURABLE DEFECTS.—Contracts executed by agents under verbal appointment are not declared void by the provisions of section 1226 of the Revised Civil Code, wherefore failure on the part of the purchaser to be present in due legal manner at the act of executing the deed does not necessarily annul the obligation as such defect is a curable one.

The facts are stated in the opinion.
*Mr. V. F. Rodríguez Ortiz* for appellant.
MR. JUSTICE ALDREY delivered the opinion of the court.

This is an appeal from a decision of the Registrar of Property of Caguas refusing to record a deed of purchase and sale, because the same does not show that the person appearing therein as the representative of the purchaser has the grantor's authority or legal power of representation so to act.

It appears from said instrument that the purchaser was therein represented by authority verbally given.

We have stated repeatedly that under section 1226 of the Revised Civil Code contracts are null only when entered into

in the name of another whose authority or legal representation has not been secured, but not so when entered into by persons who have been given a verbal power or authorization, wherefore the defect that the purchaser was not present in due legal manner at the act of executing the deed does not necessarily annul the contract as such defect is a curable one; consequently, under the laws of 1902 governing appeals from decisions of registrars of property, the Registrar of Caguas should have admitted this instrument to record with the aforesaid defect. See cases 13 P. R. R., 176; 14 P. R. R., 598; 14 P. R. R., 661; 14 P. R. R., 728.

In view of the foregoing, the above decision of the registrar should be reversed.

*Reversed.*

Chief Justice Hernández and Justices MacLeary, Wolf and del Toro concurred.